**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**                                                                                                   **TELEPHONE (605) 224-0560**
**BANKRUPTCY JUDGE**                                                                                          **FAX (605) 224-9020**

January 4, 2006

John H. Mairose, Esq.
Counsel for Debtors
2640 Jackson Boulevard, Suite 3
Rapid City, South Dakota   57702

Dr. George W. Jenter, D.O.
Sturgis/Piedmont Medical Centers
1010 Ball Park Road, Suite 2
Sturgis, South Dakota   57785

       Subject:   *In re Aaron P. and Kimmberly Abel Lischefska,*
                  Chapter 7; Bankr. No. 05-50030

Dear Mr. Mairose and Dr. Jenter:

     The matter before the Court is Debtors' *Motion for Order Directing Clerk of Court to Discharge Judgment Voided in Bankruptcy* and Sturgis/Piedmont Medical Centers' objection thereto.[1]  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying Order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014.  As set forth below, the Court concludes that Debtors' motion must be granted.

     **Summary.**  On June 14, 1999, Sturgis/Piedmont Medical Centers ("Medical Centers") obtained a judgment against Aaron Lischefska and/or Kimmberly Abel Lischefska in state court for $475.21 plus any costs and interest.  On January 14, 2005, the Lischefskas ("Debtors") filed a Chapter 7 petition in bankruptcy.

     On January 20, 2005, the Bankruptcy Clerk served notice of the commencement of the case on Debtors' creditors, including Medical Centers. The notice of commencement of case advised creditors that the deadline for filing a complaint objecting to the general discharge of all claims against Debtors or to determine the dischargeability of a particular debt was April 18, 2005.

---

       [1] The relevant facts are not in dispute.  The issue presented was a question of law.  Thus, no hearing was held.

*In re Aaron P. and Kimmberly Abel Lischefska*
January 4, 2006
Page 2

On their schedule of assets, Debtors stated they did not own any real property. On their schedules of general unsecured creditors, Debtors included Medical Centers for $1,089.54. Neither Medical Centers nor any other party in interest timely commenced an action objecting to Debtors' receiving a general discharge order or to the dischargeability of a particular debt. On April 19, 2005, Debtors were granted a general discharge under § 727 of the Bankruptcy Code. The case trustee filed a report on August 25, 2005, stating he had not recovered any non exempt assets that could be liquidated to pay creditors' claims.

On December 2, 2005, Debtors filed a *Motion for Order Directing Clerk of Court to Discharge Judgment Discharged in Bankruptcy*. Medical Center's judgment was listed in Debtors' *Motion*. By letter dated December 9, 2005, Medical Centers objected to Debtors' *Motion*.

**Discussion**. Section 524(a)(1) of the Bankruptcy Code provides:

(a)   A discharge in a case under this title -

> (1)   voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota Code establishes the procedure for removing, from the records of the clerk of court for the county in which it was docketed, any judgment that was voided in bankruptcy. When a debtor receives a bankruptcy discharge, he may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the bankruptcy court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket. The clerk of court's entry has the effect of discharging the listed judgments from and after that date.

In this case, Medical Centers timely received notice of Debtors' bankruptcy. Medical Centers did not object to Debtors' general discharge or to the dischargeability of its particular claim on or before the April 18, 2005 deadline for doing so. Therefore, Medical Centers' claim

*In re Aaron P. and Kimmberly Abel Lischefska*
January 4, 2006
Page 3

was discharged on April 19, 2005.  Its judgment was voided on that same date, also, by application of § 524(a)(1).  Accordingly, Debtor is now entitled, through this present motion and applicable state law, to have Medical Centers' judgment discharged on the state court's records.

The Court will enter an appropriate order.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

cc: case file (docket original; copies to parties in interest)

I hereby certify that a copy of this document was mailed, hand delivered, or faxed this date to the parties on the attached service list.

JAN 0 4 2006 M/S

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By M/S

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

JAN 0 4 2006

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

Aaron P Lischefska
815 10th Street
Sturgis, SD 57785

Kimmberly Abel Lischefska
815 10th Street
Sturgis, SD 57785

Sturgis/Piedmont Medical Centers
1010 Ball Park Rd, Suite #2
Sturgis, SD 57785